IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICKY HAWS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES, ATOMIC ENERGY COMMISSION, DEPARTMENT OF DEFENSE, DEPARTMENT OF THE AIR FORCE, NEVADA TEST SITE, STATE OF NEVADA, STATE DEPARTMENT, and JOINT TEST ORGANIZATION,<br><br>　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:18-cv-00859-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

　　　　Pro se Plaintiff Ricky Haws, proceeding in forma pauperis, filed the Complaint in this matter in October 2018. (ECF No. 3.) Subsequently, the undersigned[1] set a status conference for January 15, 2019 to give Mr. Haws the opportunity explain the claims he attempts to assert and the bases for those claims. (ECF No. 6.) Mr. Haws did not appear at the status conference. (ECF No. 7.)

　　　　The Court has reviewed Mr. Haws's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and finds that it fails to state a plausible claim for relief. Accordingly, the undersigned RECOMMENDS the District Judge dismiss Mr. Haws's Complaint without prejudice.

---

[1] On November 16, 2018, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

1

## BACKGROUND

On November 1, 2018, the undersigned granted Mr. Haws's request to proceed in forma pauperis in this matter. (ECF No. 2.) While not entirely clear, Mr. Haws's Complaint names as defendants some combination of the United States, the Atomic Energy Commission, the Department of Defense, the Department of the Air Force, Nevada Test Site, the State of Nevada, the State Department, and Joint Test Organization. (Compl., ECF No. 3.) The Complaint and its attachment allege that the Defendants exposed Mr. Haws and certain members of his family to nuclear testing at some point in time, but the Complaint does not identify when this occurred or provide other details that would put the Defendants on notice of what they each did that resulted in this lawsuit. (Id. at 4, 8.) Mr. Haws's Complaint asserts a conspiracy claim under 42 U.S.C. § 1985, alleging that "[t]hey all benefitted and conspired to blow the weapons up on my parents + myself," and "[t]hey never let me know about it." (Id. at 4.) In the attachment to the Complaint, Mr. Haws also alleges a violation of civil rights and refers to intentional infliction of emotional distress in both the Complaint and attachment. (Id. at 4, 8.) Among other things, Mr. Haws claims he suffered injury because he has no children and because he has Iodine 131 in his thyroid, alcoholism, and mental health issues. (Id. at 5.) He also alleges five miscarriages. (Id.) Mr. Haws seeks $40,000,000 in damages. (Id. at 6.)

## LEGAL STANDARD

Whenever the Court authorizes a party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In

determining whether a complaint fails to state a claim for relief under this statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, " '[t]he court's function . . . is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.' "  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting Sutton v. Utah State Sch. For Deaf & blind, 173 F.3d 1226, 1236 (10th Cir. 1999)).  Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege " 'enough facts to state a claim to relief that is plausible on its face.' "  Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' "  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).  The Court need not

3

accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it " 'states a plausible claim for relief,' " though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

While a court construes the filings of a pro se plaintiff liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall, 935 F.2d at 1110, a pro se plaintiff must " 'follow the same rules of procedure that govern other litigants.' " Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.' " Jenkins, 514 F.3d at 1032 (quoting Hall, 935 F.2d at 1110). While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, the court cannot act as the litigant's advocate, supply additional factual allegations, or develop a legal theory for him/her, see, e.g., Smith, 561 F.3d at 1096.

## **DISCUSSION**

Mr. Haws's Complaint falls well short of satisfying Rule 8's pleading standard. First, Mr. Haws's Complaint fails to indicate how the defendants, some of which he only identifies in the caption and not in the body of the Complaint, bear responsibility for the

4

actions described in the Complaint or how they allegedly harmed him. The Tenth Circuit has held that

> to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.

Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Haws's Complaint does not clearly identify the defendants, let alone explain what each of them did to him, when they did it, or how their specific actions harmed him.

Second, Mr. Haws's Complaint does not allege facts sufficient to state a cognizable claim for relief. Mr. Haws indicates that he brings a claim under 42 U.S.C. § 1985, but he does not assert sufficient facts to support this claim. For a § 1985 claim, a plaintiff must allege a conspiracy aimed at either preventing an officer from performing his duties; intimidating a party, witness, or juror involved in a case; obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny him equal protection of the laws. 42 U.S.C. § 1985. Of the possible § 1985 violations Mr. Haws could allege, only the last could possibly apply. "[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges and immunities under the laws." Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, "to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by

5

defendant must stem from plaintiff's membership in the class." Silkwood v. Kerr-McGee Corp., 637 F.2d 743, 746 (10th Cir. 1980).  Specifically, "under § 1985(3) a conspiracy must be motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]" Tilton, 6 F.3d at 684 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); see also Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985) (indicating that § 1985(3) "was intended . . . to provide redress for victims of conspiracies impelled by a commingling of racial and political motives" (internal quotations omitted)).  Section 1985(3) does not "reach conspiracies motivated by bias towards others on account of their economic views, status, or activities." United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 837 (1983).  Mr. Haws's vague references to a conspiracy, without allegations concerning the members of the conspiracy, acts taken in further of the conspiracy, or his membership in a protected class fail to state a claim.  See Archuleta v. City of Roswell, 898 F. Supp. 2d 1240, 1248 (D. N.M. 2012) ("Conclusory allegations that the defendants acted in concert or conspired without specific factual allegations to support such assertions are insufficient to state a claim under § 1985(3).")

The attachment to Mr. Haws's Complaint also references a violation of civil rights, and the Complaint and attachment refer to intentional infliction of emotional distress.  However, Mr. Haws's Complaint does not adequately plead a § 1983 claim.  To do so, it would need to plead "both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013).  Mr. Haws does not identify any constitutional rights that the defendants allegedly violated.

6

Further, Mr. Haws does not plead facts sufficient to state a claim for intentional infliction of emotional distress, which in Utah requires a party to

> plead facts indicating that the defendant "intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality."

Anderson Dev. Co. v. Tobias, 2005 UT 36, ¶ 55, 116 P.3d 323, 338 (quoting Bennett v. Jones, Waldo, Holbrook & McDonough, 2003 UT 9, ¶ 58, 70 P.3d 17). Mr. Haws does not allege any facts plausibly showing that any defendants intentionally engaged in conduct toward him with the purpose of inflicting emotional distress. Mr. Haws claims that some combination of the defendants conspired to "blow the weapons up on my parents + myself," but "never let me know about it." (Compl., ECF No. 3 at 4.) That bare allegation, without any supporting facts, fails to render an intentional infliction of emotional distress claim plausible.[2]

Finally, Mr. Haws's Complaint fails because the Court cannot determine whether it has jurisdiction to hear this case. Mr. Haws asserts at least some of his claims on behalf of other family members, which he cannot do because he does not have standing to bring claims on behalf of other people. "For federal courts to have jurisdiction over an action, 'the party bringing the suit must establish standing.'" The Wilderness Soc. v. Kane Cty., 632 F.3d 1162, 1168 (10th Cir. 2011) (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). "The prudential standing doctrine encompasses

---

[2] To the extent Mr. Haws alleges he or certain of his family suffered injuries result from nuclear weapons testing, the Radiation Exposure Compensation Act may provide them a method of compensation for those injuries. See https://www.justice.gov/civil/common/reca (last visited April 4, 2019.)

various limitations, including " 'the general prohibition on a litigant's raising another person's legal rights.' " The Wilderness Soc., 632 F.3d at 1168 (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). Further, Mr. Haws's Complaint does not contain any allegations concerning venue. He refers to "Washington County in Utah" once in the attachment to the Complaint but does not clearly allege that any defendant resides in Utah or that any of the events giving rise to his suit occurred in Utah. See Greer v. Safeway, 317 F. App'x 838, 842 (10th Cir. 2009) (unpublished) (finding venue in the District of Utah improper where the pro se plaintiff "d[id] not allege any of the Defendants are residents of Utah, nor [that] a substantial part of the alleged . . . violations by the Defendants arise in Utah").

In sum, the Complaint's complete lack of clarity—in terms of the defendants being named, causes of action asserted, and facts alleged—necessitates dismissal of the Complaint. See Bailot v. Colorado, 385 F. App'x 853, 854–55 (10th Cir. 2010) (unpublished) (affirming district court's dismissal of complaint for failure to comply with Rule 8(a) where "[t]he complaint did little to connect the facts alleged with any cause of action, nor did it indicate how the defendants are responsible for the behavior described."); Mann, 477 F.3d at 1148 ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."); Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (stating that a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based' " (quoting Hall, 935 F.2d at 1110)).

In an attempt to address the Complaint's deficiencies, the undersigned set a status conference for January 15, 2019 at 2:00 p.m., (ECF No. 6), but Mr. Haws failed

to appear (ECF No. 7).  Accordingly, the undersigned RECOMMENDS that the District Judge dismiss Mr. Haws's Complaint because it fails to state a plausible claim for relief.

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of April, 2019.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge